

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 21, 1974

The Honorable Price Daniel, Jr.
Speaker of the House of Representatives
State Capitol Building
Austin, Texas 78711

The Honorable Mark W. White, Jr.
Secretary of State
Office of the Secretary of State
Austin, Texas 78711

Opinion No. H- 236

Re:   Information to be
      included in activities
      report filed under
      Article 6252-9c,
      V. T. C. S.

Dear Speaker Daniel and Secretary White:

House Bill 2 of the 63rd Legislature (Acts 1973, ch. 422, p. 1096;
Article 6252-9c, V. T. C. S.) is an act "To preserve and maintain the
integrity of the legislative process" by requiring that "the identity, ex-
penditures, and activities of certain persons who, by direct communication
to such officers, engage in efforts to persuade members of the legislative
branch or executive branch to take specific actions be publicly and regu-
larly disclosed." Article 6252-9c, V. T. C. S., Sec. l. (emphasis added)

Section 5(a) of the Act commands that those required by Sec. 3 to
register file a registration form. Sec. 5(b)(3) requires that the statement
include:

> "the full name and address of each person who
> made a contribution or paid a membership fee in excess
> of $500 during the preceding 12-month period to the
> registrant or to the person by whom the registrant is
> reimbursed, retained, or employed regardless of
> whether it was paid solely to influence legislation."

Section 5(b)(5) further requires:

> "a specific description of the matters on which
> the registrant expects to communicate directly with
> a member of the legislative or executive branch to
> influence legislation, including, if known, the bill
> numbers and whether the registrant supports or opposes
> each bill listed."

The Secretary of State has asked:

> "Would the filing of a complete list of names
> and addresses of all persons who made a contribution
> or paid a membership fee during the preceding 12-
> month period to the registrant or to the person by
> whom the registrant is reimbursed, retained, or
> employed regardless of whether it was paid solely to
> influence legislation, without specifying which person
> paid in excess of $500.00 during the preceding 12-
> month period, constitute compliance with Sec. 5(b)(3),
> Article 6252-9c, V.A.C.S.?"

The Speaker's question is:

> "Is it sufficient, under Section 5(b)(5), for a
> registrant to state that he or she expects to communi-
> cate directly with a delegate on matters concerning the
> Texas Constitution, or, is the registrant required to
> state the specific Article and Section numbers of the
> present Constitution or the Constitutional Revision
> Commission's recommended document and a descrip-
> tion of any new subject matter concerning the Texas
> Constitution, about which the registrant expects to
> directly communicate with a delegate?"

The requirement of § 5(b)(3) that the statement list the full name and
address of each person who has made a contribution in excess of $500 was
intended to compel identification of those persons making a contribution or

paying a membership fee in excess of that amount.   We have been pointed to no fact or circumstance which argues against according this language what appears to us to have been its plain purpose and thrust.   In Attorney General Opinion H-18 (1973) we noted the "correlation between the value of interests to be protected and the amounts of money ordinarily spent in attempting to protect them. "

Chief Justice Warren, in discussing the purposes of the Federal Regulation of Lobbying Act (2 U.S. C. §§ 261-270) has said:

> "Present-day legislative complexities are such that individual members of Congress cannot be expected to explore the myriad pressures to which they are regularly subjected.   Yet full realization of the American ideal of government by elected representatives depends to no small extent on their ability to properly evaluate such pressures.   Otherwise the voice of the people may all too easily be drowned out by the voice of special interest groups seeking favored treatment while masquerading as proponents of the public weal.   This is the evil which the Lobbying Act was designed to help prevent.

> "Toward that end, Congress has not sought to prohibit these pressures.   It has merely provided for a modicum of information from those who for hire attempt to influence legislation or who collect or spend funds for that purpose.   It wants only to know who is being hired, who is putting up the money, and how much . . . . "  (emphasis added)  United States v. Harriss, 347 U.S. 612, 625 (1954).

In our opinion, the filing of a complete list of all those who contributed to the registrant without specifically identifying those who had paid in excess of $500 would not serve the purpose of the Act which was to let the Legislature and the people know the "how much" of which Chief Justice Warren spoke. We therefore answer the question of the Secretary of State that such a filing would not comply with § 5(b)(3) of Article 6252-9c, V. T. C. S.

Even though § 5(b)(5) speaks in terms of communicating with a member of the "legislative branch" to influence "legislation," and the members of the Constitutional Convention sit as "delegates" and not strictly speaking as legislators, nevertheless it is our opinion that they are legislators, in the broadest, uncapitalized sense of that word since the product of their labors, by definition, is "legislation." Section 2(2) defines "legislation" to include "any matter pending in or which may be the subject of action by a constitutional convention."

Rule XIV of the Rules of Procedures of the Constitutional Convention (Journal, January 8, 1974, p. 22) provides that suggested provisions be filed with the Secretary of the Convention and that each be numbered in consecutive order. § 5.

We believe, therefore, that the legislative intent in the adoption of §5(b)(5) was that, where the legislative body is the Constitutional Convention, the registrant should include in his statement "a specific description of the matters on which the registrant expects to communicate directly with a member of the [Convention] to influence legislation, including, if known . . . ." the proposal numbers and whether he supports or opposes each proposal listed.

We therefore answer the Speaker's question that it is not sufficient under § 5(b)(5) of Article 6252-9c, V. T. C. S., for a registrant to state only that he or she expects to communicate directly with a delegate on matters concerning the Constitution. To the contrary, the registration statement must describe the matters or proposals in which he or she is interested and whether for or against them.

## SUMMARY

Article 6252-9c, V. T. C. S., is designed to give those subject to the possible influence resulting from communication sufficient information to enable them to be fully aware of pressures being brought. The registrant, under § 5(b) of the Act must, identify those con-

tributing $500 or more and must identify those proposals in which he is interested, stating whether he favors or opposes them.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee